# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2012

No. 11-60513
Summary Calendar

Lyle W. Cayce
Clerk

BOBBY SERTON,

Plaintiff - Appellant

v.

LOCKHEED MARTIN CORPORATION,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:09-CV-162

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Bobby Serton appeals the district court's summary judgment disposing of his claim for disability benefits under his former employer's retirement plan. The district court rendered summary judgment that Serton failed to exhaust his administrative remedies and that Serton failed to file suit before the close of the statute of limitations period. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10460

This court reviews a grant of summary judgment *de novo*, applying the same standards as the district court. *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 124 (5th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). For purposes of this determination, we construe the evidence in the record in the light most favorable to the nonmovant. *Dillon v. Rogers*, 596 F.3d 260, 267 (5th Cir. 2010). We can affirm a district court's grant of summary judgment on any basis established by the record. *Hernandez*, 641 F.3d at 130. Serton's former employer, Defendant-Appellee Lockheed Martin Corporation, moved for summary judgment on three issues: failure to exhaust administrative remedies, statute of limitations, and laches. The district court granted the motion on the exhaustion of remedies and statute of limitations issues, but declined to consider laches. Because we find the statute of limitations issue dispositive, we consider only that issue.

Serton started working for Lockheed in 1984. In addition to regular retirement benefits, Lockheed's retirement plan provides a disability pension in the event an employee suffers a qualifying disability. In June 1997, Serton suffered a back injury while working. The injury forced Serton to stop working for Lockheed on January 31, 1998. On January 30, 1998, Serton submitted an application for a disability pension under the retirement plan. On or about February 12, 1998, Lockheed mailed a notice of denial to Serton's address. The notice stated a deadline for administrative appeal "within 60 days after the receipt of the notice of denial." The parties agree that Lockheed mailed the notice to Serton's address. But the record contains no further indication that it was received at that address, or that it ever came into Serton's personal possession. At deposition, Serton testified that he simply does not recall whether he received the notice. Lockheed alleges that the letter was sent by

2

first class mail, but there is no evidence of how the notice was sent, except for the words "certified mail, signed receipt requested," printed on the notice's letterhead. The record contains no receipt confirming delivery to Serton's home. In January and February of 1998, Serton and his then-spouse Bettie Serton were undergoing a highly contentious divorce. Serton speculates in his briefing that Bettie Serton may have kept, destroyed, or inadvertently disposed of the notice without bringing it to Serton's attention. But there is no evidence in the record indicating whether she did that or not.

Serton never prosecuted an administrative appeal of the denial of his benefits. Beginning in September, 1999, he was incarcerated for contempt during the divorce proceeding. Officials attempted to have him committed, but he was ultimately released in August 2002. Serton filed the instant suit over seven years later, on November 24, 2009.

The parties agree that Lockheed's administration of the retirement plan is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* ERISA provides no specific limitations period for claims to enforce plan rights, and we apply analogous state statutes of limitation. *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997). The parties agree that the analogous statute of limitations is the three-year period found in Section 15-1-49 of the Mississippi Code. Mississippi's discovery rule will toll the statute of limitations until the plaintiff should have reasonably known of his cause of action. *Blailock ex. rel. Blailock v. Hubbs*, 919 So. 2d 126, 130 (Miss. 2005). But plaintiffs "must exercise reasonable diligence in determining whether an injury suffered is actionable," in order to benefit from the discovery rule. *Id.*

A cause of action for wrongful denial of benefits owed under an ERISA plan accrues when a request for benefits is denied. *Hall*, 105 F.3d at 230. In this case, that happened in February 1998. The most generous possible application of the discovery rule to the circumstances of this case would toll the

No. 10-10460

start of the three-year limitations period until August 2002, when Serton was released from incarceration. He does not allege, much less supply evidence, that he made any effort to discover what became of his application for disability benefits during the seven years between his release and the filing of this suit in November 2009.

AFFIRMED.